UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


GLEN R. MEADE,

     Petitioner,

v.                           CIVIL ACTION NO. 2:16-cv-11303

DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,

     Respondent.


## MEMORANDUM OPINION AND ORDER

Pending before the court are the following: Motion by Glen R. Meade to Proceed with § 2254 Petition Due to Inordinate Unjustifiable Delay (ECF No. 1); Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4); Amended Motion to Proceed with § 2254 Petition Due to Inordinate Unjustifiable Delay (ECF No. 5); Motion for the Appointment of Counsel (ECF No. 6); Motion to Proceed In Forma Pauperis (ECF No. 8); Application to Proceed Without Prepayment of Fees and Costs (ECF No. 9); and Motion to Provide Supplemental Arguments/Information in Support of his Objections (ECF No. 19).

This action was previously referred to Cheryl A. Eifert, United States Magistrate Judge, who, on March 2, 2017, submitted her Proposed Findings and Recommendations ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  On March 8, 2017, petitioner filed objections to the PF&R, followed by an unopposed motion on March 13 to provide additional objections (ECF No. 19), which motion is granted.  Respondent sent in a Response, to which petitioner replied.

The magistrate judge recommends that the inordinate delay motions in ECF No. 1 and 5 be denied, the petition for writ of habeas corpus be dismissed without prejudice so that Meade can exhaust his state court remedies, his remaining motions be denied as moot, and the action be removed from this court's docket.  Petitioner's objections center on the alleged failings of his counsel in his state court habeas action, Jim Pajarillo. Petitioner also takes issue with the attribution of fault to him for a two-month portion of the delay because he believes it is due to Mr. Pajarillo.  Otherwise, he appears to concede that his various actions contributed to the duration of the process.  Taken in the light most favorable to petitioner,

his contribution to the delay is consistent with the PF&R's analysis and conclusion.

Further, the objections draw repeated attention to the difficulties of petitioner's position because of his age and health status.  The objections contain essentially the same legal arguments presented to, and correctly and thoroughly resolved by, the magistrate judge within the PF&R.  Importantly, the determination of whether it is permissible to waive the requirement that Meade exhaust his state court remedies before proceeding with a habeas petition in federal court does not directly implicate an evaluation of the performance of Mr. Pajarillo or his other counsel.  As explained in the PF&R, the Circuit Court of Mingo County, West Virginia is reviewing petitioner's claims, and the facts on the record do not suggest that there is any "inordinate delay or inaction in state proceedings" to amount to a violation of petitioner's due process rights (PF&R, ECF No. 15, at 8-9, citations omitted). None of this is to suggest that the court is not sympathetic with petitioner's concerns about his age, health, and timing of the legal process, although petitioner's own tactics have brought about most of the delay.

The court also notes that the objections unfortunately mischaracterize the PF&R as endorsing Mr. Pajarillo's actions and inaccurately claim that the PF&R is based on some sort of disapproval of petitioner's disagreements with his counsel and the state court judge. In fact, the legal conclusions contained in the PF&R are compelled by a straightforward application of the governing statutory and case law, which in turn reflects the important role of the exhaustion requirement in habeas actions under 28 U.S.C. § 2254.

The court, accordingly, ORDERS as follows:

1. The PF&R be, and it hereby is, adopted by the court and incorporated herein;
2. The two inordinate delay motions be, and they hereby are, denied;
3. The motion to provide supplemental arguments/information in support of his objections be, and it hereby is, granted;
4. The section 2254 petition be, and it hereby is, dismissed without prejudice so that petitioner can

exhaust his state court remedies;

5. Petitioner's remaining motions be denied, as moot; and

6. This action be, and it hereby is, stricken from the docket.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), petitioner must file any appeal within 30 days after entry of the Judgment in this action. The failure within that period to file with the Clerk of this court a notice of appeal of the Judgment will render this memorandum opinion and order and the Judgment final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, and United States Magistrate Judge Cheryl A. Eifert.

DATED: August 29, 2017

John T. Copenhaver, Jr.
United States District Judge